**SIGNED THIS: February 25, 2008**

_____
**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| MARLA L. WITT, | ) | |
| | ) | Case No. 06-70503 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JAMES R. INGHRAM, | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 07-7017 |
| | ) | |
| BRIAN HAYS, | ) | |
| | ) | |
| Defendant. | ) | |

# O P I N I O N

This matter is before the Court on the Motion of the Trustee, James R. Inghram ("Trustee") for Summary Judgment filed pursuant to

Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056.  The Trustee seeks to avoid as a preferential transfer or a fraudulent conveyance an alleged transfer of funds from the Debtor, Marla Witt ("Debtor"), to the Defendant, Brian Hays ("Defendant").  Due to the failure of both parties to comply with Local Rule 7.1(D) of the United States District Court for the Central District of Illinois ("CDIL-LR7.1(D)") regarding motions for summary judgment, the Motion will be denied.  Further, a hearing will be scheduled to consider disqualification of Gerald L. Timmerwilke as attorney for the Defendant herein due to his simultaneous representation of the Debtor in the main case.

The Debtor, represented by Mr. Timmerwilke, filed her voluntary petition under Chapter 7 of the Bankruptcy Code on May 3, 2006.  The Trustee filed this adversary case on February 15, 2007.  The Trustee alleged in his Complaint that, on June 10, 2005, the Debtor transferred approximately $25,000 to the Defendant.  The Trustee also alleged that the Defendant is the boyfriend of the Debtor and, accordingly, is an insider.  The Trustee further plead that the purported transfer is recoverable as either a preferential transfer pursuant to §547 or as a fraudulent conveyance pursuant to §548.  11 U.S.C. §547, §548.  The Defendant, also by Attorney Timmerwilke, filed an Answer to the Complaint denying all of the material allegations of the Complaint.

On June 5, 2007, the Trustee filed an initial Motion for

Summary Judgment on the issue of whether the alleged transfer from the Debtor to the Defendant was preferential. After a telephonic conference with counsel during which this Court pointed out that the Trustee's Motion did not comply with the Local Rules in numerous respects and, most particularly, did not comply with CDIL-LR7.1(D), which requires a detailed statement of undisputed facts to be included in a motion for summary judgment, the Trustee withdrew his Motion.

Subsequently, the Trustee filed the instant Motion for Summary Judgment and the Defendant filed his Response. The Defendant also filed a Motion seeking additional time to supplement the record with transcripts of the meeting held pursuant to §341 of the Bankruptcy Code and of an examination of the Debtor taken pursuant to Rule 2004. That Motion was granted, and the supplemental materials were filed on September 19, 2007. The Trustee was granted until October 18, 2007, to file a further reply, but did not avail himself of that opportunity.

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part as follows:

> The judgment sought shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment

as a matter of law.

Fed.R.Civ.P. 56(c).[1] *See* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986).

The burden is on the moving party to show that no genuine issue of material fact is in dispute. <u>Anderson</u>, 477 U.S. *at* 256. There is no genuine issue for trial if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. <u>Matsushita</u>, 475 U.S. *at* 587. Once the motion is supported by a *prima facie* showing that the moving party is entitled to judgment as a matter of law, the party opposing summary judgment must point to facts in the record showing there is a genuine issue for trial. <u>Scaife v. Cook County</u>, 446 F.3d 735, 739 (7th Cir. 2006). Mere speculation is insufficient to defeat a motion for summary judgment. <u>Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois</u>, 424 F.3d 659, 669 (7th Cir. 2005).

This Court has held that strict compliance with the Local Rules of the United States District Court of the Central District

---

[1] Rule 56 was amended effective December 1, 2007, as part of a restyling of the Federal Rules of Civil Procedure in an effort to make them more understandable and to improve consistency in style and language. These changes were specifically intended to be stylistic only. Newly-amended Rule 56 became effective while the Motion for Summary Judgment in this case was pending. The amendment had no impact on the Court's decision herein set forth.

of Illinois is expected.  *See* In re Clayton, 369 B.R. 383, 388 (Bankr. C.D. Ill. 2007).  CDIL-LR7.1(D) addresses motions for summary judgment and requires that undisputed material facts be particularly set forth by a movant.  The Rule further requires a response wherein each alleged undisputed fact is addressed, and provides that all assertions that facts are disputed must be supported by evidentiary documentation.  The Rule also allows additional material undisputed facts to be submitted in a response, and allows for a movant to file a reply specifically addressing each additional fact set forth in the response.

Absent strict compliance with CDIL-LR7.1(D), it is virtually impossible to determine what facts are truly at issue.  The Seventh Circuit has endorsed the exacting requirements of local rules such as those of the Central District of Illinois, finding that courts "are not obliged . . . to scour the record looking for factual disputes and may adopt local rules . . . to streamline the resolution of summary judgment motions."  Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994).

In this case, this Court specifically discussed the requirements of CDIL-LR7.1(D) with counsel during the telephonic conference held after the filing of the Trustee's initial Motion for Summary Judgment.  That Motion failed to comply with CDIL-LR7.1(D) in that it did not contain the requisite section on undisputed facts.  Because the Motion was so seriously defective,

-5-

the Trustee withdrew that Motion and started over. Both parties were clearly on notice of CDIL-LR7.1(D) and this Court's policy of strict enforcement.

The Trustee's instant Motion for Summary Judgment does contain a Statement of Facts. The Statement is, however, incomplete in that it fails to set forth sufficient facts upon which this Court can consider summary judgment. The Trustee seems to assume in his arguments that certain additional facts are undisputed but, in the absence of a specific recitation of those facts as required by CDIL-LR7.1(D), this Court cannot find that the facts are undisputed.

From the Trustee's Statement of Facts and the Defendant's Response, the gist of the transactions between the Debtor and the Defendant can be gleaned.[2] The Debtor and the Defendant lived together and, in August, 2000, decided to purchase a house at 411 West Prairie Street, Camp Point, Illinois. The Defendant had $11,000 to use as a down payment, but also had bad credit and could not qualify for a mortgage. The Debtor had no cash to put down, but had good credit and was able to obtain a mortgage loan. The house was, therefore, purchased by the Debtor in her name alone,

---

[2] Because both parties failed to properly identify the undisputed facts of this case, as required by CDIL-LR7.1(D), this Court will not make any binding findings of fact regarding the relationship or transactions between the Debtor and the Defendant. The generally agreed facts are set forth solely to give context to this Opinion, and will not limit either party from presenting evidence on any factual issue at trial.

and the Defendant provided the $11,000 for the down payment.

After the purchase, the Defendant expended additional sums to renovate the house and also made the monthly mortgage payments. Both the Debtor and the Defendant have resided in the house since the time of purchase.

In June, 2005, the Defendant secured financing and a closing occurred where title to the property was transferred from the Debtor to the Defendant. Apparently, $88,000 was borrowed by the Defendant and, after the payment of the original mortgage and closing costs, the Debtor received $26,874.93. The Debtor used some of those funds for her own expenses, and deposited $17,849.38 with Central State Bank into a joint account with the Defendant. Between the deposit in June, 2005, and October 25, 2005, all of the funds in the account were withdrawn.

Although the parties may be in agreement on the general facts of what occurred, they appear to be in substantial disagreement about many of the key facts of the case. However, the Trustee failed to set forth those key facts in the Statement of Facts in his Motion and, therefore, failed to require the Defendant to either admit or provide an evidentiary basis for denying those facts. Thus, the Court is stymied in its effort to understand what key facts are actually in dispute.

For example, in his introduction to his Motion for Summary Judgment, the Trustee asserts that the Defendant received

approximately $17,849.38 from the Debtor.  Nowhere in the Statement of Facts contained in his Motion, however, does the Trustee assert that specific fact to be true and undisputed.  The Trustee asserts - and the Defendant admits - that $17,849.38 is the amount of money that the Debtor deposited into the joint account with the Defendant.  Further, the Trustee asserts - and the Defendant admits - that the Debtor told the Defendant that he could use the money in the account as he needed.

   Merely opening a joint bank account is not, however, a "transfer" which would support an action to recover a preferential transfer or fraudulent conveyance.  In re Wayne, 237 B.R. 506, 508 (Bankr. M.D. Fla. 1999).  In order for the Trustee to recover from the Defendant, he must show that the Defendant actually received a transfer of the funds in question.  That transfer occurred, if at all, when the funds were withdrawn by the Defendant, not when they were deposited in the account.  Id. at 509.

   Because the Trustee never asserted in his Statement of Facts that the Defendant actually withdrew the $17,849.38 from the account, this Court cannot find that to be an undisputed fact upon which summary judgment can be based.  The Court suspects, based on the arguments of the Defendant, that this fact is not really in dispute, but the burden is on the Trustee to present the facts in accordance with CDIL-LR7.1(D) and, having failed to do so, the Trustee must bear the consequences of that failure.

Another major issue in the case is whether the Defendant is an insider and, thus, subject to a one-year look back period for the recovery of a preferential transfer. *See* 11 U.S.C. §547(b)(4)(B). The Trustee alleged in his Complaint that the Defendant was the Debtor's boyfriend, resided with the Debtor, and was an insider. In his Answer, the Defendant admitted a "close relationship" with the Debtor, but denied that the facts supported a finding that he was an insider. In his Statement of Facts, the Trustee alleges that the Debtor moved into a home with the Defendant at least three years prior to the bankruptcy filing, but makes no other allegations regarding the nature of their relationship. In his arguments, the Trustee says, "Hayes' (sic) romantic relationship with the Debtor is sufficiently close that they wished to buy a house together. Hayes (sic) required no formal documentation of his loans to Debtor." <u>Motion for Summary Judgment</u> *at* p. 7. Although these facts may be true, they were not included in the Trustee's Statement of Facts and, therefore, cannot be found to be true by this Court. Because the Trustee failed to set forth all of the facts upon which he was relying in his Statement of Facts, the Defendant was not required to respond to all material facts and admit or deny their accuracy. The whole point of requiring the recitation of undisputed facts in CDIL-LR7.1(D) is to clearly identify truly undisputed facts so that a Court can properly decide a motion for summary judgment. When CDIL-LR7.1(D) is ignored, as

-9-

it was here, it is impossible to know what facts are actually in dispute.

The Trustee's failure to set forth the details of the relationship of the Debtor and the Defendant may have been based on the Trustee's misunderstanding of the law. The Trustee asserts in his argument that there is a *per se* rule that a "boyfriend" or "girlfriend" is an insider. This is not, however, a correct statement of the law.

An "insider" is defined by the Bankruptcy Code as including "a relative of the debtor or a general partner of the debtor." 11 U.S.C. §101(31)(A)(i). "Boyfriends" and "girlfriends" do not fall within that statutory definition. The statutory list is not, however, exhaustive. The Seventh Circuit has stated that, in determining whether a person not specifically included in the statutory definition is an insider, courts should focus on two factors: (i) the closeness of the relationship between the debtor and the transferee, and (ii) whether the transaction between the debtor and the transferee was conducted at arm's length. In re Krehl, 86 F.3d 737, 742 (7th Cir. 1996). Thus, the inquiry is fact specific and, absent the presentation of undisputed facts about the relationship and the transaction, summary judgment cannot be granted.

Interestingly, the defects in the Trustee's pleadings might have been cured to some degree if the Defendant had complied with

-10-

CDIL-LR7.1(D) in filing his Response.  But, alas, the Defendant made no more effort than the Trustee to comply.  The Defendant filed a Response which included an Affidavit setting forth additional facts, including a fair amount of detail about his relationship with the Debtor, which actually might tend to support the Trustee's position that the Defendant is an insider.  Because the Defendant failed to detail those facts in the Response but, rather, simply made reference to the Affidavit in the Response, the Affidavit cannot be considered.  CDIL-LR7.1(D) requires that the additional facts be clearly set forth in an identified section of the Response.  That was not done.  This Court cannot pick and choose to consider the matters in the Defendant's Affidavit that the Court suspects the Trustee would not contest while ignoring the matters in the Affidavit that contradict the Trustee's position.

The Court also notes that the Defendant went to the trouble of supplementing the record with a transcript of the Debtor's §341 meeting and a summary of the Debtor's Rule 2004 exam, but then, inexplicably, made no effort to include the information contained in those materials as additional undisputed facts in his Response and never sought leave to file an additional Response after the supplemental materials were filed.  Thus, these materials also cannot be considered by the Court.  The materials were not put before the Court in the manner required by CDIL-LR7.1(D) and can be given no weight in deciding the Motion.

Both parties failed to present their pleadings as required by CDIL-LR7.1(D). Those failures make it impossible to find that material issues of fact are not in dispute and, accordingly, the Motion for Summary Judgment will be denied. Both parties will now be required to bear the expense of a trial.

In considering the Motion for Summary Judgment and, in particular, the conflicting affidavits of the Debtor and the Defendant, the Court has developed a serious concern that Mr. Timmerwilke cannot possibly continue to represent both the Debtor and the Defendant. The Debtor has a continuing duty to fully cooperate with the Trustee as he prosecutes this case. 11 U.S.C. §521(a)(3). Mr. Timmerwilke represents the Debtor and has a duty to advise her to fully and completely cooperate in order to preserve her discharge. Surely, in his meetings with her, he has discussed her relationship with the Defendant and the transactions which gave rise to the Trustee's claims. He represented her at the §341 meeting and at her Rule 2004 examination, and will presumably continue to advise her in her role as a witness throughout the trial in this matter.

At the same time, Mr. Timmerwilke now represents the Defendant, whose interests are adverse to the Debtor's estate and who has filed an Affidavit which contains sworn statements directly contradicting the Affidavit of the Debtor. The Court cannot fathom how this relationship is not a conflict of interest which violates

the ethical provisions governing the practice of law before this Court.

The District Court of the Central District of Illinois has decreed that the Rules of Professional Conduct adopted by the Supreme Court of Illinois shall be used to govern the conduct of attorneys practicing in the Central District. *See* CDIL-LR83.6(D). Rule 1.7 of the Illinois Rules of Professional Conduct applies to the situation before this Court and provides as follows:

> Rule 1.7.  Conflict of Interest; General Rule
>
> (a)  A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>
> (2) each client consents after disclosure.
>
> (b)  A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>
> (2) the client consents after disclosure.
>
> (c)  When representation of multiple clients in a single matter is undertaken, the disclosure shall include explanation of the implications of the common representation and the advantages and risks involved.

*ILCS S.Ct. Rules of Prof. Conduct, RPC Rule 1.7.*

Based on Rule 1.7, Mr. Timmerwilke may only continue to

-13-

represent both the Debtor and the Defendant if he reasonably believes that the dual representation will not adversely affect the relationship with each client and will not materially limit his ability to fully represent each client. Further, both clients must consent.

Assuming that the clients might consent, Mr. Timmerwilke is still left with the chore of establishing a reasonable belief that the dual representation does not compromise his obligations to one or the other of the clients. Here, the two clients apparently have a serious disagreement on a number of facts key to the resolution of the case. The Debtor has testified and sworn in an Affidavit that the $11,000 advanced by the Defendant for the down payment on the house was a loan to her. This fact is essential to the Trustee's case. The Defendant, however, in his Affidavit, insists that the $11,000 was not loan. When this case goes to trial, Mr. Timmerwilke will be required in his representation of the Defendant to try to persuade this Court that the Debtor's testimony is not to be believed. Even if Mr. Timmerwilke attempts to soften that charge by suggesting that the Debtor is confused or mistaken about the transaction rather than lying about it, the scenario of an attorney asking the Court to disregard, as not credible, the testimony of one of his clients for the benefit of another client is troubling.

The prospect that the conflict of interest Mr. Timmerwilke has

in representing both Debtor and Defendant will materially interfere with his ability to continue to represent both clients is real and not just a matter of speculation.  The positions taken by the clients are adverse to each other, and it can reasonably be expected that the parties will present testimony directly contradicting each other at a trial where they are technically both represented by the same attorney.  Mr. Timmerwilke's independent professional judgment in advising both parties about their testimony would surely be tested by the inherent conflict in their positions.  Accordingly, it appears that Mr. Timmerwilke should be disqualified from representing the Defendant in this adversary case and, perhaps, from further representation of the Debtor in the main case.  See Guillen v. City of Chicago, 956 F. Supp. 1416, 1422-23 (N.D. Ill. 1997).  A further hearing will be scheduled to consider disqualification of Mr. Timmerwilke.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###